IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STANLEY A. SANSONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-19 (RDA/WEF) |
| ) | |
| UNITED STATES PATENT AND ) | |
| TRADEMARK OFFICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants'[1] Motion to Dismiss (Dkt. 16). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with Defendants' Memorandum in Support (Dkt. 17), Plaintiff's Opposition (Dkt. 19), Defendants' Reply (Dkt. 21), Plaintiff's Sur-Reply (Dkt. 21); and Plaintiff's Attachment to his Sur-Reply (Dkt. 22), this Court GRANTS the Motion for the reasons that follow.[2]

---

[1] Defendants here are the United States Patent and Trademark Office ("USPTO") and Kathi Vidal, the Undersecretary of Commerce for Intellectual Property and Director of the USPTO (the "Director"). With the change in presidential administration, Coke Morgan Stewart is the current Acting Undersecretary of Commerce for Intellectual Property and Acting Director of the USPTO. *See https://www.uspto.gov/about-us/organizational-offices/office-under-secretary-and-director* (last visited February 28, 2025). Although Plaintiff does not specifically note that he intended to allege claims against the Director in her official capacity, the Court – like the Government – assumes that Plaintiff intended to name the Director in her official capacity as the Director was not personally served and there are no allegations regarding individual actions of the Director. Dkt. 17 at 5 n.4.

[2] Plaintiff also has pending before the Court a Motion for Summary Judgment (Dkt. 23), a Motion for Electronic Device Application (Dkt. 26), and a Letter Motion regarding Amendment (Dkt. 27). The Motion for Summary Judgment will be denied as premature. The Motion for Electronic Device Application will be denied as moot because there is no court proceeding for which such application is necessary. Finally, the Letter Motion will be denied as moot given the outcome of the Motion to Dismiss here.

1

## I. BACKGROUND

### A. Factual Background[3]

The essential thrust of the Amended Complaints is that Plaintiff Stanley A. Sansone challenges the USPTO's rejection of U.S. Patent Application No. 16/255,511 (the "'511 Application") in a final decision by the Patent Trial and Appeals Board (the "PTAB"). Dkt. 1 at 5; Dkt. 14; Dkt. 15.

Plaintiff filed the '511 Application on January 23, 2019. Dkt. 15 at 27. The '511 Application described a "Wearable Thermal Device with Port" for therapeutic treatment to a part of the body. Dkt. 15 at 5; Dkt. 15-2 at 99.[4] The patent examiner rejected the claims in the '511 Application and Plaintiff appealed to the PTAB. Dkt. 15 at 5. The PTAB then affirmed the examiner's rejection. *See Ex parte Sansone*, Appeal No. 2021-1334, 2021 WL 2982138 (PTAB July 13, 2021) (*Sansone I*).[5]

After the PTAB issued its decision, Plaintiff submitted a Request for Continued Examination on September 9, 2021. Dkt. 15-2 at 97. The examiner issued a non-final rejection on October 4, 2021. *Id.* Plaintiff amended his application on January 3, 2022, and the examiner issued a final rejection of all claims on March 1, 2022. *Id.* Plaintiff appealed this second final rejection to the PTAB, which

---

[3] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Amended Complaints as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a matter of procedure, Defendants are correct that Plaintiff was permitted to amend his complaint once as of right and that Plaintiff subsequently required leave of Court. Plaintiff here has twice amended his Complaint. Dkts. 14, 15. In deference to Plaintiff's *pro se* status, and because Defendants address the allegations in both Amended Complaints and because it makes no difference to the outcome here, the Court will likewise look to and rely on both filings as they are substantially similar.

[4] Docket entry 15-2 is a collection of documents. Accordingly, page references to this docket entry refer to the CM/ECF assigned page numbers rather than any page numbers original to the documents.

[5] The PTAB's decision is properly subject to judicial notice. *See Doe v. Old Dominion Univ.*, 2017 WL 11509351, at *5, (E.D. Va. June 26, 2017) ("The court may take judicial notice of public court records and parties' admissions even if they are attached only to the motion to dismiss.") (citing *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015)); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363 n.39 (3d ed. 2004).

affirmed the examiner's decision on July 19, 2023. *See Ex parte Sansone*, Appeal No. 2023-001331, 2023 WL 4677708 (PTAB July 19, 2023) (*Sansone II*)

Plaintiff asserts that the USPTO "deprived Sansone of a civil right to fair and lawful patent prosecution and trial." Dkt. 15 at 14. Plaintiff asserts that Defendants violated the "civil rights" protections of 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. § 242 as well as 18 U.S.C. § 1519 and 28 U.S.C. § 2675. Dkt. 14 at 1. Plaintiff also alleges claims pursuant to the Federal Tort Claims Act ("FTCA") and the Fifth Amendment to and the Patent Clause of the United States Constitution. Dkt. 15 at 22-24.

### B. Procedural Background

On January 4, 2024, Plaintiff filed his original Complaint. Dkt. 1. On April 17, 2024, Plaintiff filed his first "Amended Pleading, Opening Brief." Dkt. 14. On May 16, 2024, Plaintiff filed his second "Opening Brief, Amended Pleading with Supporting Documents & Footnote References." Dkt. 15. On June 17, 2024, Defendants filed their Motion to Dismiss. Dkt. 16. On July 8, 2024, Plaintiff filed his Response. Dkt. 19. On July 16, 2024, Defendants filed their Reply. Dkt. 20. On July 29, 2024, Plaintiff filed a Sur-Reply. Dkt. 20. On August 1, 2024, Plaintiff filed an attachment to his Sur-Reply. Dkt. 22.

On August 6, 2024, Plaintiff filed his Motion for Summary Judgment. Dkt. 23. On August 20, 2024, Defendants filed their Opposition. Dkt. 25. On September 3, 2024, Plaintiff filed a Motion for Electronic Device Application. Dkt. 26.

On September 17, 2024, Plaintiff filed a one-page: "Letter to the Court, Amended Complaint." Dkt. 27.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the Court lacks jurisdiction over the subject matter of the action. A district court must dismiss an action over which it

lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a Rule 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

There are two ways in which a defendant may prevail on a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). In such a case, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.3d 884, 891 (3d Cir. 1977).

### B. Rule 12(b)(6)

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v.*

*Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

III. ANALYSIS

Defendants raise a number of arguments attacking the jurisdictional basis for a number of Plaintiff's claims and the plausibility of others. Defendants seek dismissal of Plaintiff's Complaint in total. Plaintiff opposes.[6] The Court will address each argument in turn.[7]

A.     Sovereign Immunity

Defendants first argue that the United States has not waived sovereign immunity as to Plaintiff's civil rights claims pursuant to 42 U.S.C. §§ 1983 and 1985. It is well-settled that the United States is immune from private civil actions, pursuant to the doctrine of sovereign immunity, absent an

---

[6] In his Sur-Reply, Plaintiff suggests that the Motion to Dismiss is untimely. Dkt. 21 at 3. Plaintiff is incorrect. The docket reflects that the United States Attorneys Office was served on April 17, 2024. Thus, the responsive pleading deadline was June 17, 2024, which Defendants met. *See* Fed. R. Civ. P. 4.

[7] The Court notes that Plaintiff has not invoked 35 U.S.C. § 145 to obtain review of the rejection of his patent in any of his filings. Dkts. 1, 14, 15. Indeed, Plaintiff appears to deny that this matter challenges the rejection of his patent under Section 145. *See* Dkt. 21 (asserting that "he did not seek reexamination" and that, "[f]rom the outset of the Complaint process, Sansone clearly based his cause of action on violations of civil and constitutional rights against him."). As courts recognize, Congress has provided a "carefully balanced framework" with a "well-defined process" for review of USPTO patentability decision. *Pregis Corp. v. Kappos*, 700 F.3d 1348, 1359 (Fed. Cir. 2012). That process includes a lawsuit under 35 U.S.C. § 141 or § 145. A suit under Section 141 would be exclusive to the Federal Circuit. *See* 35 U.S.C. § 141. A suit under Section 145 would be untimely, because such a suit must be brought within approximately sixty days of the final PTAB decision. 35 U.S.C. § 145; 37 C.F.R. § 90.3(a)(3)(1). Here, Plaintiff's suit was filed almost six months after the PTAB's final decision. *Comp.* Dkt. 1 (filed January 4, 2024) *with* Dkt. 14 ¶ 6 (alleging that the PTAB's final decision was dated July 17, 2023 (*see* Am. Compl. (Dkt. No. 14) ¶ 6). Thus, even if Plaintiff were to be challenging the PTAB's rejection of the '511 Application, such challenge would be untimely and be dismissed.

express waiver. *Cunningham v. Gen'l Dynamics Info. Tech. Inc.*, 888 F.3d 640, 643 (4th Cir. 2018). It is further well-settled that Section 1983 does not apply to claims against the federal government. *See Wheeldin v. Wheeler*, 373 U.S. 647, 650 (1963) (holding that Section 1983 and 1985 are "clearly inapplicable to this kind of case" where the respondent was an investigator for a Congressional Committee); *Pardo v. Fed. Corr. Inst.*, 1994 WL 95888, at *1 (4th Cir. 1994) (holding "suits against federal officials may not be brought under [Section] 1983"); *Mostellar v. Lowther*, 2010 WL 11698097, at *4 (E.D. Va. Apr. 6, 2010) (same). Similarly, a federal agency or official in her official capacity cannot be sued under Section 1985. *See Shallow v. Fed. Bureau of Investigation*, 2019 WL 2718493, at *3 (E.D. Va. June 27, 2019) (holding that Section 1985 "contains no explicit statutory waiver of sovereign immunity"); *see also Herndon v. Astrue*, 2011 WL 7971757, at *7 (W.D.N.C. Sept. 15, 2011) (finding "nor has the United States consented to suit under the Civil Rights statutes," including Section 1985).[8] Thus, these claims must be dismissed on the basis of sovereign immunity.

In his response, Plaintiff attempts to assert that his claims are brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). To begin with, "it is axiomatic that [a] complaint may not be amended by briefs in opposition to a motion to dismiss." *Mylan Labs, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991). Moreover, Plaintiff has neither made allegations against the Director in her personal capacity nor identified any actions in which the Director personally engaged. In order to state a cognizable claim under *Bivens*, a plaintiff must specifically allege the personal action performed by a defendant that would give rise to their personal liability under the United States Constitution. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *Foster v. City of*

---

[8] It is also worth noting that Section 1985 does not apply to proceedings before administrative agencies, like the PTAB. *See Rodman v. Md. Dep't of Human Res.*, 2013 WL 2325139, at *4 (D. Md. May 24, 2013) (concluding that Section 1985(2) does not apply to proceedings before administrative agencies).

6

*Asheville*, 2011 WL 1239795, at *3 (W.D.N.C. Mar. 30, 2011). Accordingly, Plaintiff's claims must be dismissed in this regard.

Plaintiff attempts to further avoid these conclusions by suggesting the application of the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908). As the Fourth Circuit has explained, the *Ex Parte Young* doctrine "allows private citizens, in proper cases, to petition a federal court to enjoin <u>State officials</u> in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." *Frank v. Ross*, 313 F.3d 184, 197 (4th Cir. 2002) (emphasis added). Thus, the case law is clear that *Ex Parte Young* only permits individuals to seek prospective relief against state officials – not federal officials like Defendants sued here. Even if relief could be appropriately sought against Defendants pursuant to *Ex Parte Young*, that doctrine is clear that it applies only to ongoing violations of federal law and "does not apply when the alleged violation occurred entirely in the past." *Allen v. Cooper*, 895 F.3d 337, 355 (4th Cir. 2018) (cleaned up). Accordingly, Plaintiff's claims will be dismissed.

B.     Criminal Statutes

Next, Defendants correctly argue that Plaintiff has no cause of action pursuant to criminal statutes. Courts uniformly recognize that "there is no private cause of action to pursue claims under federal criminal statutes." *Robertson v. Foster*, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017); *Smith v. Shaw*, 2012 WL 1832340, at *1 (S.D. W. Va. Apr. 25, 2012) (same and specifically referring to 18 U.S.C. §§ 241, 242); *Heard v. Fed. Bureau of Investigation*, 2018 WL 4926459, at *2 (D.S.C. Sept. 12, 2018) (collecting cases that no private cause of action under 18 U.S.C. § 1519); *Mirarchi v. Exec. Branch of Gov't*, 2023 WL 5598454, at *3 (E.D. Pa. Aug. 29, 2023) (holding no private right of action under Section 2387).[9] Even assuming that Plaintiff had a private cause of action, these statutes

---

[9] The Court notes that another district court judge has already informed Plaintiff that he cannot sue under these criminal statutes. *See Sansone v. U.S. Patent and Trademark Office*, 2023 WL 7068260, at *1 (D.D.C. Oct. 25, 2023).

7

also contain no waiver of sovereign immunity that would authorize Plaintiff's suit. *See, e.g., Swartz v. Matal*, 2017 WL 3611715, at *8 (E.D. Va. Aug. 22, 2017) (dismissing criminal claims brought against the USPTO Director, including under 18 U.S.C. § 1519, because the United States had not waived its sovereign immunity to suit under these statutes). Thus, Plaintiff's claims here too must be dismissed.

### C.    Federal Tort Claims Act

Defendants argue that Plaintiff's FTCA claims must be dismissed for failure to exhaust. The FTCA waives the United States' sovereign immunity for a number of tortious acts committed by its employees. 28 U.S.C. § 1346(b)(1). That waiver, however, is limited in several respects. For instance, claimants must exhaust their administrative remedies with the appropriate federal agency before bringing suit in federal court. 28 U.S.C. § 2675(a). This requirement is jurisdictional. *See Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) ("It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived."). Defendants correctly note that Plaintiff does not aver that he has presented an administrative claim to the USPTO prior to commencing this suit in any of the iterations of his Complaint or with respect to the briefing on the Motion to Dismiss. Accordingly, Plaintiff's FTCA claims must also be dismissed because Plaintiff has not satisfied the requirements for a waiver of sovereign immunity.

Plaintiff's FTCA claim must also be dismissed for the additional reason that the FTCA includes an exception for "malicious prosecution, abuse of process, . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2860(h). Here, Plaintiff's FTCA claims allege that USPTO personnel engaged in an "unfair, negligent, and wrongful prosecution," made misrepresentations, and falsified records. Dkts. 14 at 17, 15 at 17. Accordingly, such claims must be dismissed. *See Doe v. U.S. ex rel U.S. Dep't of Health and Human Servs.*, 2015 WL 1461236, at *5 (D. Md. Mar. 27, 2015) (dismissing claim that files contained false information pursuant to Section 2860(h)).

Finally, the FTCA only permits claims for damages "to the extent that a private party would be liable under state law." 28 U.S.C. § 1346. To the extent that Plaintiff's FTCA claim relies on a theory of "negligent prosecution," the Commonwealth of Virginia does not recognize that cause of action. *See Asser v. Commwth.*, 69 Va. Cir. 75, 2005 WL 2548224, at *3 (Va. Cir. Aug. 25, 2005) ("[T]he court agrees with defendants' argument that Virginia does not recognize a cause of action for negligent prosecution or grossly negligent prosecution.").

### D.   Constitutional Claims

Defendants argue that Plaintiff has failed to state a Due Process claim, cannot base a claim on the Patent Clause, and cannot bring a claim for money damages. Defendants are correct in all respects.

With respect to his Due Process claim, Plaintiff's claim fails because he does not have a liberty interest in receiving a patent. In this regard, courts have recognized that that "no person has a vested right to a patent." *Giuliani v. United States*, 6 F. App'x 863, 864 (Fed. Cir. 2001); *Bullard v. U.S. Patent & Trademark Office*, 2010 WL 4106683, at *1 (D.D.C. Sept. 30, 2010) ("No person has a vested right to a patent . . . ."). Moreover, courts recognize that there is "no guarantee any patent will issue." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). As the Fourth Circuit has recognized, "discretionary statutory 'rights,'" like those relevant to the issuance of a patent, "do not create liberty or property interests protected by the Due Process Clause." *Smith v. Ashcroft*, 295 F.3d 425, 430 (4th Cir. 2002). Thus, Plaintiff cannot premise a Due Process claim on the USPTO's rejection of his patent application.[10]

---

[10] Plaintiff makes a passing reference to the Fifth Amendment's Takings Clause. Dkt. 14 at 4. Such cursory references are not sufficient to satisfy Plaintiff's burden pursuant to *Twombly/Iqbal* and, in any event, such claim would fail because the act of completing a patent application does not convey a property right on him. *See, e.g., Hyatt v. USPTO*, 1:18-cv-546, Order, Dkt. 66 at 3 (E.D. Va. Mar. 26, 2019) (Ellis, J.) (dismissing Fifth Amendment claim for taking of a patent application because plaintiff did not establish that an applicant has property rights in a patent application).

Plaintiff's Patent Clause claim also fails. Judges in this District have recognized that "there is no private cause of action recognized under the 'Patent Clause.'" *Raney v. Sec'y of Com.*, 2009 WL 10702277, at *2 (E.D. Va. June 30, 2009); *Powers v. U.S. Patent & Trademark Off.*, 2005 WL 2456979, at *2 (E.D. Va. Oct. 5, 2005) ("[T]he Patent Clause embodies a grant of authority to Congress and does not create a private cause of action.").

Moreover, to the extent that Plaintiff seeks a monetary award against the USPTO and the Director in her official capacity, Plaintiff again runs afoul of sovereign immunity. As the Fourth Circuit has long-recognized, *Bivens* and its progeny "did not waive the sovereign immunity of the United States," and thus "it did not (and indeed could not) impose liability on the officer's employer, the federal government." *Radin v. United States*, 699 F.2d 681, 684-85 (4th Cir. 1983). Thus, Plaintiff's constitutional claims also fail in this regard.

### E. Contractual Damages

Plaintiff also seeks contractual damages from the government (through the Department of Defense); namely, he asserts that he is entitled to the "remainder 3-year contract under other transaction authority ('OTA') as anticipated in CSO for 5 year @ 750,000 HypothermicSplint units per year." Dkt. 15 ¶ 66. As an initial matter, the Department of Defense is not a named party in this action. Moreover, although Plaintiff at times refers to the contract as having been secured in his briefing, his operative pleadings do not allege the existence of any contract. *See* Dkt. 15 ¶ 64 (alleging "Sansone was to have been awarded a procurement contract" and that Defendants "damage[d] Sansone's effort to secure a very valuable CSO contract"). Where no contract has been made, the Court cannot order the government or Defendants to agree to such a contract. *See Delta Data Sys. Corp. v. Webster*, 744 F.2d 197, 204 (D.C. Cir. 1984) ("It is undisputable that the ultimate grant of a contract must be left to the discretion of a government agency; the courts will not make contracts for the parties."). Moreover, with respect to the FTCA, the Fourth Circuit has held that "[t]he only relief provided for in the Act is money damages." *Talbert v. United States*, 932 F.2d 1064, 1065-66 (4th Cir. 1991).

10

Perhaps recognizing the unavailability of such relief, Plaintiff changes the relief sought in his Opposition and instead seeks specific performance. Dkt. 19 at 13 ("Specific Performance, Not an Award"). But such relief cannot be obtained in this Court. The Court of Federal Claims has exclusive jurisdiction over non-tort claims against the government that exceed $10,000. 28 U.S.C. § 1491; *Randall v. United States*, 95 F.3d 339, 346 (4th Cir. 1996) ("If a plaintiff's claim is for more than $10,000, he must bring the action in the Court of Federal Claims."). Moreover, as the Fourth Circuit has affirmed, "[t]he Tucker and Little Tucker Acts 'impliedly forbid' federal courts from ordering declaratory or injunctive relief, at least in the form of specific performance, for contract claims against the government." *Village of Bald Head Island v. U.S. Army Corps of Eng'rs*, 833 F. Supp. 2d 524, 534 (E.D.N.C. 2011), *aff'd* 714 F.3d 186 (4th Cir. 2013). Accordingly, this portion of Plaintiff's Amended Complaint separately warrants dismissal.

### F. New Allegations

In his Opposition, Plaintiff seeks to add the Department of Justice as a defendant in this case and also seeks to add claims under the Rehabilitation Act, the Fourth Amendment, and the Eighth Amendment. Dkt. 19 at 10, 12, 19. As this Court has noted *supra*, "it is axiomatic that [a] complaint may not be amended by briefs in opposition to a motion to dismiss." *Mylan Labs*, 770 F. Supp. at 1068. Some of Plaintiff's purported amendments fail on their face. *See Smith v. CSRA*, 2020 WL 13695769, at *4 (E.D. Va. Jan. 31, 2020) (holding no private cause of action under Section 503 of the Rehabilitation Act); *see also Doe v. Settle*, 24 F.4th 932, 946 (4th Cir. 2022) (holding that the Eighth Amendment "only regulates 'punishments'"). Plaintiff's purported amendments in other regards fail because Plaintiff has alleged no plausible basis for any claim. *See Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005) (setting forth elements of a claim under Section 504 of the Rehabilitation Act). Finally, with respect to the Department of Justice, Congress requires that the Department of Justice litigate on behalf of other executive agencies. 28 U.S.C. § 516. Additionally, Plaintiff appears to have included the Department of Justice because of some confusion

regarding service of the United States Attorney's Office. Dkt. 19 at 14-15 ("Sansone did not serve the DOJ"). But service on the United States is required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(i). Accordingly, these claims are neither properly raised nor plausibly alleged.

### G. Futility or Leave to Amend

In this action alone, Plaintiff has filed three different versions of his complaint. Dkts. 1, 14, 15. Moreover, this is not the first time that Plaintiff has filed suit based on similar conduct. *See Sansone v. United States Patent & Trademark Office*, 2023 WL 7068260 (D.D.C. Oct. 25, 2023) (dismissing Plaintiff's complaint premised on the same conduct and raising similar claims). Although the Federal Rules of Procedure generally require that leave to amend be freely given, amendment is generally not permitted where there are "multiple fundamental defects," where "further amendment likely will be futile," and where there have been multiple opportunities to amend. *Brown v. Phylbeck*, 2019 WL 2745758, at *5 (E.D.N.C. July 1, 2019); *see also Feeley v. Total Realty Mgmt.*, 660 F. Supp. 2d 700, 715 (E.D. Va. Aug. 28, 2009) ("Given the multiple attempts that [p]laintiffs have had to sufficiently set forth their allegations in three tries, this Court is of the opinion that further leave to amend is futile . . . ."). Accordingly, this Court will dismiss the Amended Complaint without leave to amend.

### IV. CONCLUSION

Plaintiff has failed to state a claim for relief with respect to any claim raised by his Amended Complaints. Moreover, it appears to this Court that, based on the multiple defects with his claims as well as Plaintiff's previous amendments here and complaint in the United States District Court for the District of Columbia, further amendment is not warranted.

Accordingly, it is hereby ORDERED that the Motion to Dismiss (Dkt. 16) is GRANTED; and it is

FURTHER ORDERED that the Amended Complaints (Dkts. 14, 15) are DISMISSED; and it is

12

FURTHER ORDERED that there will be no further opportunity to amend because amendment appears futile and unwarranted; and it is

FURTHER ORDERED that the Motion for Summary Judgment (Dkt. 23) is DENIED as premature; and it is

FURTHER ORDERED that the Motion for Electronic Device Application (Dkt. 26) is DENIED as MOOT; and it is

FURTHER ORDERED that Plaintiff's Letter Motion (Dkt. 27) is DENIED as MOOT; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to close this civil action.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 60 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to all parties and counsel of record.

It is SO ORDERED.

Alexandria, Virginia
March 4, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge